**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Andres Salgado, | ) | No. CV-10-1909-PHX-GMS |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| America's Servicing Company, a division of Wells Fargo Home Mortgage; Wells Fargo Bank, N.A., a foreign corporation; et. al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

Pending before this Court is the Motion to Dismiss of Defendants America's Servicing Company, and Wells Fargo Bank, N.A. (hereafter collectively Wells Fargo) (Doc. 16). For the reasons stated below that motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff filed this action in Maricopa County Superior Court. In his First Amended Complaint, Plaintiff Andres Salgado, asserts that he is a third-party beneficiary of an agreement between Wells Fargo and Fannie Mae which was acting as an agent of the United States. He asserts that in the agreement between Wells Fargo and Fannie Mae, Wells Fargo would receive taxpayer funds to benefit homeowners with affordable loan modifications. Doc. 12-1 at ¶ 14. Plaintiff alleges that he is a third-party beneficiary of that agreement, and that by not entering a loan modification with him, Wells Fargo is breaching its agreement with Fannie Mae. *Id.* at ¶ ¶ 51-2.

In the same complaint, Salgado further seeks to compel the enforcement of his mortgage modification agreement with the Defendants. Salgado acknowledges that he fell behind in his house payments after suffering a reduction in income. *Id*. at ¶ 29. He further asserts that he entered a loan modification agreement with Wells Fargo. Plaintiff alleges that he agreed with Defendants to enter a loan modification trial period and that if he made "three payments and provided all the required documents, ASC would provide [him] with a permanent mortgage modification." *Id*. at ¶¶ 31. Plaintiff asserts that he complied with the terms of the trial period agreement, yet Wells Fargo "refuses to provide Salgado with a permanent modification and fixed monthly payments." *Id.* at ¶ 32. He further alleges, that Wells Fargo engaged in misleading practices by omitting his need to comply with alleged "investor guidelines" that it never disclosed to him, and based upon which it denied his application for a loan modification. *Id.* at ¶¶ 35-41.

As a result, Plaintiff's First Amended Complaint alleges counts for: (1) breach of contract, (2) breach of contract–third party beneficiary, (3) breach of implied covenant of good faith and fair dealing, (4) misrepresentation, (5) promissory estoppel, (6) consumer fraud, and, (7) declaratory relief preventing Defendants non-judicial foreclosure of the deed of trust.

Wells Fargo filed this motion to dismiss on November 5, 2010. With the motion it filed a request for judicial notice in support of its motion that contained what Wells Fargo asserts to be the relevant documents referred to in the First Amended Complaint. Doc. 17. Plaintiff did not file a timely response to this motion. On December 6, this Court ordered Plaintiff to file an answering memorandum by December 20, 2010 or risk the summary dismissal of his complaint. Doc. 19. Plaintiff still filed no response. On February 2, 2011 Plaintiff's counsel filed a motion to withdraw, which this Court denied. See Docs. 20 and 21. On March 5, Plaintiff filed an untimely response to this motion, Doc. 22, and Defendants replied.

# ANALYSIS

**A.     Counts One (Breach of Plan), Three (Breach of Implied Covenant of Good Faith), Five (Promissory Estoppel), and Six (Consumer Fraud).**

In conjunction with its motion to dismiss, Defendant provides a copy of the HAMP Loan Trial Period Plan ('the Plan") that Plaintiff alleges that Wells Fargo breached by not subsequently entering into a Loan Modification Agreement with Plaintiff. Plaintiff does not contest the authenticity of this document and cites to it in his complaint. Thus, this Court may consider it in deciding a motion to dismiss. *In Re Silicon Graphics, Sec. Litig.,* 183 F.3d 970, 986 (9th cir. 1999).

To state a cause of action for breach of contract in Arizona, a Plaintiff must allege consideration for that contract. In the First Amended Complaint, Plaintiff sets forth no plausible allegations that he provided any consideration in conjunction with the Plan. Plaintiff argues that he made the reduced mortgage payment set forth in the Plan, and that this payment, in and of itself, constitutes consideration as he could have otherwise completely defaulted on his payment obligation. Because Arizona is a non-recourse state, Plaintiff argues, and because the note and deed of trust are on Plaintiff's residence, if Plaintiff would have defaulted on his loan, and Defendants would have foreclosed on his home, Defendants would not have been able to obtain any deficiency between the foreclosure price and the amount of the loan from Plaintiff. A.R.S. § 33-814(g) (2007). Thus, Plaintiff argues, he provided consideration for the Plan by making the reduced payment on the note.

This assertion, however, does not plausibly satisfy the requirement that consideration be provided to make a claim for breach. Under the Plan, Plaintiff paid monthly payments in a smaller amount than he already owed on the loan. In the Plan itself the Plaintiff agrees that

> all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the loan Documents. The lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

- 3 -

Doc. 17 at ¶ 4D. The partial satisfaction of a pre-existing duty is not consideration. *See Travelers Ins. Co. v. Breeze,* 138 Ariz. 508, 511, 675 P.2d 1327 (App. 1983) (holding that "[a] promise lacks consideration if the promisee is under a pre-existing duty to counter-perform."), *Hisel v. Upchurch,* 797 F. Supp. 1509, 1521 (D. Ariz. 1992) (holding that "a promise to perform a pre-existing duty is insufficient consideration.").

Nor, in this setting, does the Arizona Anti-Deficiency Statute turn the partial performance of a pre-existing obligation into consideration. Should Plaintiff default on his note, Defendant has the option to sue under the note, or to foreclose on the deed of trust. When Defendant allegedly entered this agreement with Plaintiff, he had not elected either option. It is true that, in the future, should Defendant foreclose on Plaintiff's home as security for the note, it cannot seek to recover any deficiency from the Plaintiff. A.R.S. § 33-814(g) (providing that "no action may be maintained to recover any difference between the amount obtained by sale and the amount of the indebtedness and any interest, costs and expenses."); *see also 333 W. Thomas Medical Bldg. Enterprises v. Soetantyo,* 976 F. Supp. 1298, 1300 (D. Ariz. 1995) (noting that "Arizona's anti-deficiency statute[] governs actions to recover balances remaining after foreclosure under a deed of trust."). Nevertheless, until that eventuality occurs, Defendant is entitled to a full recovery under the note, and Plaintiff has an existing obligation, as is defined in the note, to make monthly payments in a greater amount than he made under the Plan. Therefore, by asserting that he paid less than the note obliged him to pay, Plaintiff has made no plausible allegation that the agreement was supported by consideration. *Ashcroft v. Iqbal,* ___U.S.___, 129 S.Ct. 1937, 1949 (2009).[1] He thus has failed to state a claim for breach of contract.

Because Plaintiff has failed to plausibly plead the consideration necessary to find that the Plan constitutes a contract between himself and Wells Fargo, he has failed to sufficiently

---

[1] Although questions of the adequacy of consideration are frequently a matter of fact, *see, e.g*, *U.S. Life Title Co. of Arizona v. Gutkin,* 152 Ariz. 349, 356, 732 P.2d 579, 586 (Ct. App. 1986), when the consideration alleged fails as a matter of law a plausible claim has not been plead.

- 4 -

allege that Wells Fargo breached any such contract. There can be no breach of the implied covenant of good faith and fair dealing absent a contractual relationship. *Schwartz v. Chase Home Finance, LLC,* 2010 WL 5151326, *2 (D. Ariz. Dec. 13, 2010) ("While it is true that a covenant of good faith and fair dealing is implied in every contract, plaintiff must actually plead facts demonstrating the existence of the underlying contract."). Therefore, Plaintiff has failed to state a claim for the breach of the implied covenant of good faith and fair dealing.

To allege promissory estoppel, Plaintiff must allege that (1) Wells Fargo made a promise, (2) that Wells Fargo should have reasonably foreseen that Plaintiff would rely on the promise, (3) Plaintiff justifiably relied on the promise, and (4) injustice can be avoided only by enforcing the promise. *Double AA Builders, Ltd. v. Grand State Const. L.L.C.,* 210 Ariz. 503, 507, 114 P.3d 835, 839 (App. 2005). Plaintiff fails to plausibly plead that he justifiably relied on a promise by paying the reduced mortgage payments called for by the Plan. As has been set forth above, as it pertained to whether there was any consideration sufficient to create a contract or constitute an enforceable promise, payment by Plaintiff of amounts smaller than he already owed under the note does not constitute reliance sufficient to give rise to a claim for promissory estoppel. Thus Plaintiff has failed to state a claim in count three.

Similarly count six requires that the Defendant employ deception or otherwise commit fraud or misrepresentation or concealment, with the intent that others rely on their deception, in connection with the sale or advertisement of any merchandise. Plaintiff has failed on the face of his First Amended Complaint to adequately plead a count for consumer fraud with sufficient specificity. *See Stejic v. Aurora Loan Servs., L.L.C.,* 2010 WL 4220570, *2 (D. Ariz. Oct. 20, 2010). Even assuming otherwise, Plaintiff asserts in his Response that"Wells Fargo purposefully and deceptively misled the Plaintiff into making interim modified mortgage payments with the intention of citing endless reasons for denying a final modification. Wells Fargo's purpose for doing so was to collect interim monthly payments until such a time as they found it best to foreclose." As explained above, however, even assuming that Wells Fargo's purpose was to receive interim mortgage payments in a lesser

1 amount than they were owed, such a purpose does not constitute reliance on the part of the
2 Plaintiff, since Plaintiff already owed Wells Fargo a greater amount than Plaintiff was paying
3 in the interim modified payments. Thus Plaintiff has failed to state a claim in count six.

**B.     Count Two (Breach of Contract–Third Party Beneficiary).**

Plaintiff asserts that he is a third party beneficiary of the federal government's HAMP contract with Wells Fargo. That agreement "does not state that [the servicer] must modify all mortgages that meet the eligibility requirement" *Escobedo v. Countrywide Home loans, Inc.,* 2009 WL 4981618, *3 (S.D.Cal. Dec. 15, 2009). And, at any rate, this Court has already determined as a matter of law that such an assertion fails to state a claim upon which relief can be granted. *Puzz v. Chase Home Finance, LLC,* 763 F.Supp.2d 1116, 1122 (D. Ariz. 2011), *See also, Marks v. Bank of America, N.A.,* 2010 WL 2572988, *3-5 (D. Ariz. June 22, 2010). Therefore, Plaintiff has stated no plausible claim as a third-party beneficiary of the contract between Wells Fargo and the federal government.

**C.     Count Four (Negligent Misrepresentation).**

The elements of negligent misrepresentation in Arizona are: (1) one who in the course of his business, profession or employment or in any other transaction in which it has a financial interest, (2) supplies false information, (3) for the guidance of others in their business transactions, which, (4) causes pecuniary damage (5) based on the other party's justifiable reliance on the information and (6) fails to exercise reasonable care or competence in communicating the information. *McAlister v. Citibank,* 171 Ariz. 207, 215, 829 P.2d 1253, 1261 (App. 1992).

As to this count, in reading the Complaint broadly, Plaintiff has stated a claim. In the instant case, Plaintiff does not allege that the negligent misrepresentation results from a failure to perform a future acts such as entering a loan modification agreement with Plaintiff. Rather, he apparently alleges that the bank's refusal to give him a loan modification based on his failure to comply with specified "investor guidelines" that it never communicated to him, constituted a negligent misrepresentation of the terms on which the bank would grant a loan modification. The omission of necessary information can be sufficient to satisfy the

- 6 -

"false information" element of this tort. While the misinformation provided did not change the fact that Plaintiff owed the bank the amount set forth in the note, it did, apparently, cost the Plaintiff the ability to better his financial position with respect to the bank and thus, broadly read, resulted in pecuniary damage to the Plaintiff.

As the Restatement explains, the "pecuniary interest" necessary to constitute an element of this tort, is a broader concept than one concerned only with direct payment owed. Thus, while the reduced payments made under the Plan to the bank may not constitute consideration sufficient to support a claim for breach of contract, promissory estoppel, or fraud, Plaintiff alleges that he was deprived of his chance to better his financial position with respect to the bank, based on the bank's negligent misrepresentation to him of all the requirements with which he had to qualify to obtain a loan modification. Broadly read this constitutes a plausible allegation of pecuniary damage sufficient to survive a motion to dismiss. The Plaintiff also seems to plead sufficient facts to plausibly allege the remaining elements of this tort to survive the current motion at this stage of the litigation.

**D.     Count Seven (Declaratory Relief)**

In his Response, plaintiff does not contest that, in this instance, a request for declaratory relief constitutes a remedy rather than a separate cause of action. *See Silvas v. GMAC Mortgage, LLC,* 2009 WL 4573234 *7 9D. Ariz. Dec. 1, 2009). Therefore, to the extent that it is plead as a separate claim, count seven is dismissed.

## CONCLUSION

Because Plaintiff has already once amended his complaint, and has further failed to timely respond pursuant to the deadline requirements of this Court, leave to amend is not granted and those claims that are dismissed are dismissed without leave to amend. *Sisseton -Wahpeton Sioux Tribe v. United States,* 90 F.3d 351, 355 (9th Cir. 1996) (holding that discretion to dismiss without leave to amend is particularly strong where leave to amend has been previously granted). Therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. 16, is granted in part and denied in part. Defendants' motion is granted as to counts one, three, five, six and

seven of Plaintiff's Amended Complaint.  Defendants' motion is denied as to count two.

DATED this 6th day of September, 2011.

_____
G. Murray Snow
United States District Judge